## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| GESSICA BAKARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Case No.: |
| | ) |
| INTERBOND CORP. OF AMERICA, | ) |
| INC. d/b/a BRANDSMART U.S.A. | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Gessica Bakara ("Plaintiff" or "Bakara"), and files her Complaint against Defendant, Interbond Corp. of America, Inc. d/b/a BrandSmart U.S.A. ("Defendant" or "BrandSmart"), and in support states the following:

### NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") to redress Defendant's unlawful employment practices against Plaintiff including Defendant's retaliation for Plaintiff's lawful exercise of her rights under the FMLA and unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the FMLA and ADA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Bakara, is a citizen of the Unites States and is and was at all times material a resident of the State of Florida, residing in Palm Beach County, Florida.

6. Defendant, BrandSmart, is a Florida Profit Corporation with its principal place of business in Fort Lauderdale, Florida.

7. Defendant does business in this Judicial District and Plaintiff worked for Defendant at 751 Executive Center Dr, West Palm Beach, Florida 33401.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about December 2, 2020 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. August 18, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

13.     This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

**FACTUAL ALLEGATIONS**

14.     Plaintiff was employed by Defendant in a full-time capacity since 2012.

15.     From approximately November 2014 until her unlawful termination, Plaintiff was a full-time products specialist in the appliance department.

16.     In May 2020, Plaintiff became severely ill with COVID-19 symptoms.

17.     On or about May 22, 2020, Plaintiff's condition worsened, and she was hospitalized.  She was initially diagnosed with an upper respiratory infection, but the hospital did not give her a COVID-19 test.  She obtained a COVID-19 test from a clinic and tested positive.

18.     Plaintiff was diagnosed with COVID-19, which is a severe physical condition that substantially limited her major life function of proper respiratory function.  Plaintiff also suffered from migraines, which is a physical condition that substantially limited her major life activities of concentration and balance and caused debilitating light and sound sensitivity during flares.  Plaintiff's COVID-19 also caused increased flares in Plaintiff's migraines.

19.     Plaintiff is disabled because has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant because Plaintiff suffered Migraines and long COVID-19.

20.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.  At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

21. Plaintiff verbally informed Defendant about her migraine condition. Defendant did not request any medical documentation or inform Plaintiff that it required any documentation regarding this disability.

22. As a result of Plaintiff's COVID-19 diagnosis, Plaintiff was ordered to quarantine for two weeks. Defendant also required Plaintiff to get test negative to be cleared to return to work.

23. Defendant placed Plaintiff on FMLA leave with the effective date as May 22, 2020.

24. On or about June 10, 2020, Plaintiff got retested and again tested positive for COVID-19. Plaintiff continued to actively experience prolonged physical affects and symptoms COVID-19 as well. Plaintiff was required to continue quarantining.

25. On or about June 29, 2020, Plaintiff had an appointment with her doctor and was instructed remain under quarantine and obtain two negative test results prior to returning to work. Plaintiff informed Defendant on or about July 3, 2020. Defendant requested a doctor's note. Plaintiff promptly contacted her doctor again for the note and promptly provided it to Defendant.

26. Plaintiff continued to suffer active, severe symptoms of COVID-19 throughout July. On or about July 28, Plaintiff had another appointment with her doctor and was scheduled to be tested again on August 1, 2020. Plaintiff provided the doctor's note to Defendant.

27. Plaintiff informed Defendant of her need for continued disability related, FMLA leave by informing Defendant of her doctor's orders to continue quarantining and obtain two negative tests. Defendant stated that her FMLA was going to exhaust on August 14, 2020, and demanded that she return on August 15, 2020.

28. Plaintiff tested on August 1, 2020, and tested negative; however, her doctor had ordered that Plaintiff obtain two negative tests.

29. On or about August 12, 2020, Plaintiff went to her doctor to be re-evaluated, and her doctor cleared her to return to work as CDC guidelines had changed deeming one negative test sufficient.

30. On August 14, 2020, Plaintiff experienced a migraine and heart palpitations and contacted her doctor. Due to the severity of her flare, she was sent to urgent care and was referred to a neurologist.

31. Due to migraines being a symptom of COVID-19, the urgent care clinic gave Ms. Bakara a doctor's note to quarantine for 14 days to monitor for COVID-19 symptoms as a matter of course.

32. Plaintiff provided Defendant with a copy of her doctor's note but explained her migraine disability and requested to be placed back on the schedule starting August 16, 2020 – requesting the reasonable accommodation of one additional day. Instead of engaging in an interactive process with Plaintiff, Defendant sent Plaintiff a letter stating that Plaintiff exhausted her FMLA, that Defendant was not extending her leave, and that Defendant would "accept [her] resignation at this time."

33. The next day, Plaintiff again attempted to initiate the interactive process by informing Defendant that she was not resigning and requested to be placed back on the schedule. Instead of engaging in the interactive process and discussing what Plaintiff needed to do to get placed back on the schedule, Defendant again told Plaintiff that she was not being placed back on the schedule and was terminated under the pretext of a resignation.

34. Defendant terminated Plaintiff by refusing to return her to work and removing her from the system involuntarily over Plaintiff's objections and request to return to work leaving Plaintiff no options to remain employed.

35. Plaintiff's request for a brief additional leave was reasonable as it would not have created an undue hardship on Defendant; however, Defendant flatly refused to provide the reasonable accommodation.

36. Defendant failed to reasonably accommodate Plaintiff with a brief leave and instead terminated Plaintiff.

37. Defendant did not discuss any alternative accommodations, provide Plaintiff an opportunity to speak to her doctor, or in any other way engage in the interactive process with Plaintiff. Defendant flatly refused to accommodate Plaintiff and terminated her based on her disability and need for reasonable accommodations.

38. Defendant noted in the termination letter that Plaintiff had exhausted her FMLA when explaining that it would not extend her leave. Thus, Defendant refused to reasonably accommodate Plaintiff and terminated her to retaliate against her for utilizing FMLA in addition to discriminating against her on the basis of her disability.

39. Plaintiff has been damaged by Defendant's illegal conduct.

40. Plaintiff has had to retain the services of the undersigned counsel and has agree to pay said counsel reasonable attorney's fees.

**Count I:**
**Retaliation in Violation of the FMLA**

41. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-40 above.

42. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

43. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

44. Plaintiff exercised or attempted to exercise her rights under the FMLA.

45. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

46. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

## Count II:
## Disability Discrimination in Violation of the ADA

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

31. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

32. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

33. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

34. Defendant violated the ADA by unlawfully terminating Plaintiff based on her disability.

35. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

36. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

37. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count III:
## Failure to Accommodate in Violation of the ADA

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-40 above.

31. At all times relevant to this action, Plaintiff was disabled within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

32. Plaintiff was a qualified individual within the meaning of the ADA because Plaintiff was able to perform the essential functions of her job with or without reasonable accommodations.

33. Plaintiff requested the reasonable accommodation of a brief medical leave for her disability.

34. Defendant is required to engage in the interactive process and provide reasonable accommodations.

35. Defendant failed to reasonably accommodate Plaintiff or otherwise engage in the interactive process.

36. Plaintiff's requested accommodation was reasonable because it would not have created an undue hardship on Defendant.

37. Defendant acted willfully and maliciously.

38. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

39. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## Count IV:
### Retaliation in Violation of the ADA

40. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-40 above.

41. Plaintiff engaged in protected activity under the ADA by requesting the reasonable accommodation of a brief medical leave.

42. Defendant retaliated against Plaintiff for engaging in the protected activity under the ADA by terminating Plaintiff.

43. Defendant's conduct violates the ADA.

44. Defendant acted willfully and maliciously.

45. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46. Defendant's unlawful conduct in violation of the ADA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

>*/s/ Zane A. Herman*
>Zane A. Herman
>Florida Bar No.: 120106
>Spielberger Law Group
>4890 W. Kennedy Blvd., Suite 950
>Tampa, Florida 33609
>T: (800) 965-1570 ext. 105
>F: (866) 580-7499
>zane.herman@spielbergerlawgroup.com
>
>*Counsel for Plaintiff*